MADEIRA LINEN IMPORTING CO. *v.* UNITED STATES (No. 4060)[1]

United States Court of Customs and Patent Appeals, May 29, 1937

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *Ralph Folks* and *William Whynman,* special attorneys, of counsel), for the United States.

[Oral argument April 5, 1937, by Mr. Isenschmid and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, holding certain Saxony lace articles dutiable at 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, as assessed by the collector at the port of New York, rather than at 40 per centum ad valorem as manufactures wholly or in chief value of cotton, not specially provided for, under paragraph 923 of that act, as claimed by the importer.

The pertinent provisions read:

PAR. 1529. (a) Laces, lace fabrics, and lace articles, made by hand or on a lace, net, knitting, or braiding machine, and all fabrics and articles made on a lace or net machine, all the foregoing, plain or figured; lace window curtains, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, and ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; and fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including one row of straight hemstitching

T. D. 49063.

adjoining the hem; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraph 915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530 (e), or in Title II (free list), or in subparagraph (b) of this paragraph), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem.

PAR. 923. All manufactures, wholly or in chief value of cotton, not specially provided for, 40 per centum ad valorem.

On the trial below, a sample of the imported merchandise was introduced in evidence as Exhibit 1.

Thereupon, counsel for the parties stipulated that—

Exhibit 1 in this case is an article originally of net and made by the process of hand embroidery and the process of machine embroidery on an embroidery machine; then became from that process, those two processes, a Saxony lace article. In other words it simply shows it was made both by hand embroidery and on an embroidery machine.

\* \* \* \* \* \* \*

Mr. WHYNMAN. It is further agreed that the three ornaments on Exhibit 1 are hand made and the rest of it is embroidery made on an embroidery machine.

Mr. ISENSCHMID. That is agreed to. The three ornaments are easily discernible, one in the center and one on each side, the larger one in the center and the two small ones are on the sides. We have agreed that that is the only hand work on the article and the other is all embroidery done with an embroidery machine.

At the time of the oral arguments in this court some question was raised as to the meaning to be given the quoted language of the stipulation. Thereupon, counsel for the parties stipulated that—

the correct interpretation of the first paragraph of the stipulation appearing on page 9 of the record (beginning on line 3), as to how Exhibit 1 was made, is that the foundation material thereof is a *net made on a net machine*, upon which embroidery was superimposed, some parts of which were done by hand and other parts were done on an embroidery machine, resulting in the production of a Saxony lace article. [Italics ours.]

It was further stipulated by counsel that Exhibit 1 is composed in chief value of cotton.

The trial court was of opinion that the first part of paragraph 1529 (a), which provides for "Laces, lace fabrics, and lace articles, made by hand or on a lace, net, knitting, or braiding machine," included only such laces, lace fabrics, and lace articles as were made by hand or on the kind of machine therein mentioned, and that as the involved articles were made in part by hand and in part on an embroidery machine, not mentioned in the quoted provisions, they were not dutiable under that part of the paragraph. However, the court held the merchandise dutiable under paragraph 1529 (a), *supra*, for the following reasons:

Giving to said paragraph 1529 the construction which it appears the language used demands, its provisions cover "fabrics and articles wholly or in part of lace

articles made by hand", and also "fabrics and articles wholly or in part of lace articles made on a lace, net, knitting, or braiding machine." It is clear from the record in this case that none of the Saxony lace articles, the classification of which is here involved, was made on a lace, net, knitting, or braiding machine, but the record establishes just as conclusively that the Saxony lace articles were made *in part* by hand, and this seems to answer all the requirements of the paragraph * * *,

and, accordingly, overruled the protest.

Counsel for appellant are in agreement with the trial court so far as it held that the first part of the paragraph was limited to laces, lace fabrics, and lace articles, made wholly by hand, and to such laces, lace fabrics, and lace articles as were made wholly on a lace, net, knitting, or braiding machine, and, therefore, did not include the laces in question, which were made in part by hand and in part on an embroidery machine. Counsel disagree, however, with the court's holding that the language "all the foregoing, and fabrics and articles wholly or in part thereof," contained in paragraph 1529 (a), *supra*, includes the involved articles because they are made *in part by hand*.

Referring to the last-quoted provisions, counsel for appellant state in their brief that—

This language manifestly contemplates fabrics and articles wholly or in part of one or more of the fabrics or articles provided for in the "foregoing" part of the paragraph, and which would be classifiable thereunder if imported separately.

Counsel for the Government contend that, as it appears from the stipulation that the involved laces consist of a foundation material which is net, made on a net machine, upon which the hand embroidery and the machine embroidery are superimposed, they are in part of net, made on a net machine; that, as paragraph 1529 (a), *supra*, provides for "all fabrics and articles made on a * * * net machine," the provisions contained therein for "all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * *, by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act" clearly cover the involved laces; and that, therefore, the involved laces are dutiable at 90 per centum ad valorem.

It would seem to be clear that net, made on a net machine, if imported separately, would be dutiable at 90 per centum ad valorem under the first part of paragraph 1529 (a), *supra*. Accordingly, we are in agreement with the contention of counsel for the Government that as the involved lace articles are made in part of net, made on a net machine, they are dutiable at 90 per centum ad valorem, under the provisions for "all the foregoing, and fabrics and articles wholly or in part thereof."

In view of the conclusion we have reached, it is unnecessary to consider other claims made by counsel for the parties.

For the reasons stated, the judgment of the United States Customs Court is *affirmed*.